**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000402
06-FEB-2026
07:49 AM
Dkt. 54 SO**

NO. CAAP-23-0000402

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE BANK OF NEW YORK MELLON, FORMERLY KNOWN AS THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-16CB MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-16CB, Plaintiff-Appellee,
v.
ASSOCIATION OF APARTMENT OWNERS OF PALM VILLAS II, Defendant-Appellant,
and
PANCHO DELEON ABALOS; CASSIE LEI ALMANZOR ABALOS; HAWAIIUSA FEDERAL CREDIT UNION; EWA BY GENTRY COMMUNITY ASSOCIATION, Defendants-Appellees, and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191001370)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Chief Judge, Hiraoka and Wadsworth, JJ.)

The Association of Apartment Owners of Palm Villas II (**AOAO**) appeals from the Hawaiʻi Rules of Civil Procedure Rule 54(b)-certified *Judgment* for The Bank of New York Mellon (**BNYM**) entered by the Circuit Court of the First Circuit.[1] The AOAO challenges the Circuit Court's orders granting BNYM's motion

---

[1] The Honorable Jeannette H. Castagnetti presided.

for partial summary judgment and denying the AOAO's motion for reconsideration.  We vacate the Judgment and remand for further proceedings.

BNYM sued the AOAO, Pancho Deleon Abalos, Cassie Lei Almanzor Abalos, and others.  BNYM alleged it had conducted a nonjudicial foreclosure on the Abaloses' mortgage; the nonjudicial foreclosure was voidable because BNYM didn't publish continuances of the public auction; the *Mortgagee's **Affidavit of Foreclosure** Under Power of Sale* should be expunged from Land Court records; the mortgage should be reinstated; and BNYM was entitled to judicially foreclose the mortgage.  Count 1 sought declaratory relief; Count 2 sought rescission of the nonjudicial foreclosure; Count 3 sought judicial foreclosure of the mortgage.

BNYM moved for partial summary judgment on Counts 1 and 2.  The Circuit Court entered an order granting the motion. It declared BNYM's 2009 nonjudicial foreclosure "null and void as a matter of law," reinstated the mortgage, and directed BNYM to expunge the Affidavit of Foreclosure from, and restore its mortgage lien on, Land Court records.  The Judgment was entered on February 15, 2023.  The Circuit Court denied the AOAO's motion for reconsideration.  This appeal followed.

We review a grant of summary judgment *de novo*.  Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018).  Summary judgment is appropriate when the moving party shows, by admissible evidence, that the material facts are uncontroverted and it is entitled to judgment as a matter of law.  Id. at 342, 418 P.3d at 1198.  The moving party has the burden to introduce admissible evidence to establish the material facts, show there is no genuine issue as to any of them, and explain why it is entitled to a judgment as a matter of law. Id.

BNYM's motion for partial summary judgment showed that the Abaloses signed a promissory note and a mortgage.  The note

was indorsed in blank. The mortgage had been assigned to BNYM. BNYM nonjudicially foreclosed the mortgage. The published *Notice of Mortgagee's Intention to Foreclose Under Power of Sale* stated that a public auction would be conducted on April 28, 2009. The April 28, 2009 auction was postponed to May 28, 2009. The record contains no evidence that notice of the postponement was published. The May 28, 2009 auction was postponed to August 4, 2009; the record contains no evidence that notice of that postponement was published. The August 4, 2009 auction was postponed to September 4, 2009; the record contains no evidence that notice of that postponement was published. The mortgaged property was declared sold to BNYM at the September 4, 2009 auction. A quitclaim conveyance was delivered to BNYM. The Affidavit of Foreclosure was recorded in the Land Court on October 1, 2009. These facts were uncontroverted.

**(1)** The AOAO contends BNYM lacked standing to void its own nonjudicial foreclosure. We review standing *de novo*. Tax Found. of Haw. v. State, 144 Hawaiʻi 175, 185, 439 P.3d 127, 137 (2019).

The AOAO argues BNYM lacked standing because it didn't suffer an injury in fact. It relies on Sierra Club v. Department of Transportation, 115 Hawaiʻi 299, 167 P.3d 292 (2007). That case involved procedural standing for members of the public under the Hawaiʻi Environmental Policy Act, a statute that accorded procedural rights. Id. at 325, 167 P.3d at 318.

Here, BNYM sought declaratory relief. Hawaii Revised Statutes (**HRS**) § 632-1 (2016) applied. "[A] party seeking declaratory relief under HRS § 632-1 need not satisfy the three-part 'injury in fact' test to have standing." Tax Found., 144 Hawaiʻi at 189, 439 P.3d at 141.

> [A] party has standing to seek declaratory relief in a civil case brought pursuant to HRS § 632-1(b) (2016): (1) where antagonistic claims exist between the parties (a) that

> indicate imminent and inevitable litigation, or (b) where the party seeking declaratory relief has a concrete interest in a legal relation, status, right, or privilege that is challenged or denied by the other party, who has or asserts a concrete interest in the same legal relation, status, right, or privilege; and (2) a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding.

Id.

BNYM had been paying maintenance fees to the AOAO since it acquired the Abaloses' property, but stopped. BNYM's complaint alleged that the AOAO "may claim an interest in the Property by virtue of . . . unpaid maintenance fees[.]" The order granting BNYM's motion for partial summary judgment acknowledged that BNYM's obligation to pay maintenance fees was at issue. On this record, BNYM had standing to seek a declaration that its nonjudicial foreclosure was invalid.

**(2)** The AOAO contends "Hawaii law does not recognize a cause of action for [BNYM] to void its own . . . Non-Judicial Foreclosure[.]" The contention has merit.

The record shows, and BNYM does not controvert, that the public auction of the Abaloses' property was postponed at least three times, but postponement notices were not published. The Abaloses' mortgage contained a power-of-sale provision stating: "Lender shall publish a notice of sale and shall sell the Property at the time and place and under the terms specified in the notice of sale." Under that provision, BNYM "was required to publish postponement notices." Hungate v. Law Off. of David B. Rosen, 139 Hawaiʻi 394, 404, 391 P.3d 1, 11 (2017), abrogated on other grounds by, State ex rel. Shikada v. Bristol-Myers Squibb Co., 152 Hawaiʻi 418, 526 P.3d 395 (2023).

In addition, HRS § 667-5 (Supp. 2009) required that the mortgagee's attorney "[g]ive any notices and do all acts as are authorized or required by the power contained in the mortgage."

The record contains no evidence that BNYM published the postponement notices required under HRS § 667-5 and Hungate.

"[I]f a foreclosure violates a statute governing the nonjudicial foreclosure scheme, or other law extrinsic to the mortgage itself, the sale is 'voidable *at the election of the mortgagor*[.]'" Delapinia v. Nationstar Mortg. LLC, 150 Hawaiʻi 91, 101, 497 P.3d 106, 116 (2021) (italics added). That is so "whether the violation was statutory or contractual[.]" Id. at 104, 497 P.3d at 119.

BNYM argues that cases, including Santiago v. Tanaka, 137 Hawaiʻi 137, 366 P.3d 612 (2016) and Mount v. Apao, 139 Hawaiʻi 167, 384 P.3d 1268 (2016), holding a wrongful nonjudicial foreclosure voidable at the election of the mortgagor only apply where the property was sold to a good faith purchaser. Under Hawaiʻi law, "wrongful foreclosure remedies are twofold and alternative (and not necessarily equivalent) to each other: (1) return of title and possession; or (2) money damages." In re Manuel, 152 Hawaiʻi 290, 302, 526 P.3d 267, 279 (2023). Where a good faith purchaser has taken title to the property, the mortgagor cannot elect to void a wrongful nonjudicial foreclosure (which would return title and possession to the mortgagor); the only available remedy is an action for damages. Delapinia, 150 Hawaiʻi at 104, 497 P.3d at 119. But a mortgagor can elect to void a wrongful nonjudicial foreclosure and regain title and possession if the mortgagee purchased the property because the mortgagee doesn't "free itself from the underlying dispute to which it is a party." Wilmington Sav. Fund Soc'y v. Domingo, 155 Hawaiʻi 1, 10, 556 P.3d 347, 356 (2024). BNYM's argument is contrary to the law.

BNYM presented no evidence that either of its mortgagors elected to void the nonjudicial foreclosure. Rather, the record shows the Abaloses vacated the property, which had apparently remained vacant for ten years. On this record, BNYM

failed to sustain its burden of producing evidence to support its claims for declaratory relief and rescission of the nonjudicial foreclosure. <u>Nozawa</u>, 142 Hawaiʻi at 342, 418 P.3d at 1198. The Circuit Court erred by granting BNYM's motion for partial summary judgment.

We need not address the AOAO's other points of error. The February 15, 2023 Judgment is vacated. This case is remanded for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, February 6, 2026.

On the briefs:

R. Laree McGuire,
Dallas H. Walker,
for Defendant-Appellant
Association of Apartment
Owners of Palm Villas II.

Charles R. Prather,
Robin Miller,
Sun Young Park,
Jason L. Cotton,
Peter T. Stone,
for Plaintiff-Appellee
The Bank of New York Mellon.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge